IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DOMINIC RICKETT,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHSIDE WRECKER, INC.** and **RONNY NEW,**<br><br>Defendants. | Case No. 1:25-cv-00832<br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dominic Rickett ("Plaintiff"), individually and on behalf of similarly situated persons ("Plaintiff" and "Class Members"), brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF THE SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct the conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

2. Defendants failed to pay Plaintiff in accordance with the FLSA. Specifically,

Plaintiff routinely worked in excess of 40 hours per week but was frequently not paid time-and-one half of his regular rate of pay for all hours worked in excess of 40 hours per workweek. Rather, Defendants misclassified Plaintiff and, other than for his initial 30 days with Defendants, paid him solely via commissions and without regard to the number of hours Plaintiff actually worked.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policies and practice of failing to pay proper overtime compensation under the FLSA.

5. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   PARTIES

6. Plaintiff is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Plaintiff hereby consents to be a party in this action and Plaintiff's consent form is attached as "Exhibit 1."

7. Plaintiff is an individual and resident of Travis County, Texas.

8. Plaintiff and "Class Members" are Defendants' current and former tow truck drivers (or individuals who performed similar duties but were employed under distinct titles) who were paid in whole or in part on a commission basis and were not paid time-and-one half of their regular rate of pay for all hours worked in excess of 40 hours per workweek. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Defendant Southside Wrecker, Inc. ("Corporate Defendant"), is a corporation

organized under the laws of Texas and can be served with process through its Registered Agent of Service, Ronny New, at 7000 FM1327 Bldg C, Austin, TX 78747 USA, or wherever they may be found.

10. Upon information and belief, Corporate Defendant maintains a website at https://southsidewrecker.com/.

11. Upon information and belief, Defendant Ronny New ("Individual Defendant") is an individual and resident of Texas.

### III.     JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 201 *et seq.*

13. Defendants conduct business within the State of Texas.

14. Venue lies properly with this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

15. The acts complained of herein were committed and had their principal effect against Plaintiff within the Austin Division of the Western District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### IV.     COVERAGE

16. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

17. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Corporate Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Corporate Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FACTUAL ALLEGATIONS

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Individual Defendant is a principal, director, officer, and/or owner of Corporate Defendant.

23. Individual Defendant took an active role in operating Corporate Defendant.

24. Upon information and belief, Individual Defendant, in his role as an operating employer of Corporate Defendant, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

25. Defendants directly hired Plaintiff, paid him wages, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who engaged in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

27. Corporate Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

28. Defendants are "employers" within the meaning set forth in the FLSA and were at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the Class Members.

29. At all times material herein, Plaintiff and other Class Members have been entitled to the rights, protections and benefits provided under the FLSA.

30. Defendants own and operate a tow truck business located in Austin, Texas.

31. Defendants employed Plaintiff from approximately January 2023 through August 2024 as a tow truck driver.

32. Defendants also employed other tow truck drivers.

33. As a tow truck driver, except for his initial 30 days with Defendants, Plaintiff was paid solely on commission.

34. Upon information and belief, other tow truck drivers were also paid on a

commission basis.

35. Plaintiff regularly worked in excess of forty (40) hours per week throughout his employment with Defendants.

36. Upon information and belief, other tow truck drivers occasionally or regularly worked in excess of forty (40) hours per week through their employment with Defendants.

37. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for each hour Plaintiff worked over forty per week.

38. Upon information and belief, Defendants did no pay other tow truck drivers one and one-half times their regular rate of pay for each hour they worked over forty per week.

39. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

40. Defendants violated the FLSA by not including the commissions paid to Plaintiff and other tow truck drivers in their regular rate when calculating their overtime pay.

41. Despite having knowledge of the FLSA and that Plaintiff and other tow truck drivers worked these overtime hours, Defendants failed to pay Plaintiff and other tow truck drivers a sufficient overtime premium for all hours worked over forty each week. Rather, Defendants engaged in an intentional and reckless operation to deprive Plaintiff and their other employees of the benefits of the FLSA by failing to pay them their overtime rates for their overtime hours.

42. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were commission-based tow truck drivers and were not paid overtime compensation as required by the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44. Defendants' other commission-based tow truck drivers have been victimized by this pattern, practice, and policy, which is in willful violation of the FLSA. Many of these employees worked with Plaintiff and were paid in the same manner as Plaintiff, without being paid the proper overtime wages for all hours worked. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

45. Plaintiff and the Class Members performed the same or similar job duties or otherwise worked under the same illegal pay scheme. Specifically, Plaintiff and the Class Members were paid in whole or in part on a commission basis and were denied proper overtime compensation. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

46. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

47. Defendants knowingly, willfully, or with reckless disregard carried out is illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class

Members.

48. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action.

49. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCW WITH THE FAIR LABOR STANDARDS ACT

50. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

51. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

52. WHEREFORE, premises considered, Plaintiff, individually and on behalf of other similarly situated persons, respectfully pray that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the

suit);

B.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

C.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D.    For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

E.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Colby Qualls*
**Colby Qualls**
Ark. Bar No. 2019246
**FORESTER HAYNIE, PLLC**
10800 Financial Centre Pkwy
Pkwy, Suite 510
Little Rock, AR 72211
(214) 210-2100 phone
(469) 399-1070 fax
cqualls@foresterhaynie.com

**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made to Defendants with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.

*/s/ Colby Qualls*
**Colby Qualls**