**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Dominic Rickett and Alejandro Espinoza, Jr.,** ***individually and on behalf of all others similarly situated,*** | § | |
| ***Plaintiffs*** | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-00832-DAE** |
| | § | |
| **Southside Wrecker, Inc. and Ronny New,** | § | |
| ***Defendants*** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DAVID A. EZRA**
**UNITED STATES DISTRICT JUDGE**

Before the Court is the parties' Joint Motion for Approval of Settlement of FLSA Collective Action and, Subject to Settlement Approval, for Certification of Collective Action and Authorization of Notice to Class Members, filed July 31, 2026 (Dkt. 19). [1]

## I. Background

Named Plaintiffs Dominic Rickett and Alejandro Espinoza, Jr. bring this putative class action against their employer Defendants Southside Wrecker, Inc. and Ronny New for violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that Defendants failed to pay them overtime wages for hours worked in excess of 40 hours per work week. Plaintiffs' Amended Complaint, Dkt. 20 ¶ 2.

[1] By Text Order entered August 10, 2026, the Honorable David A. Ezra referred this Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The parties now state that they reached a settlement agreement with a Common Fund of $300,000. Dkt. 19. They jointly ask the Court to approve the settlement agreement (Dkt. 19-1) and, subject to approval, certify the case as an FLSA collective action and authorize notice to collective settlement class members.

## II. Approval of Settlement Agreement

Court review of FLSA settlement agreements is generally required to ensure "the settlement gave employees everything to which they are entitled under the FLSA at the time the agreement is reached." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (citation omitted). The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is to ensure that an employer does not take advantage of its employees in settling their claim for wages. *Diaz v. World Acceptance Corp.*, No. 1:19-cv-957-RP, 2021 WL 2709677, at *1 (W.D. Tex. Jan. 7, 2021). To approve an FLSA collective action settlement, the Court must determine whether the settlement (1) involves the resolution of a bona fide dispute over an FLSA provision, and (2) is fair and reasonable. *Id.* at *1-2.

### A. A Bona Fide Dispute Exists

Courts first determine whether a bona fide dispute exists under the FLSA as to "the amount of hours worked or compensation due." *Id.* at *1 (citation omitted). A bona fide dispute exists if the parties maintain adverse legal positions. *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1:15-cv-282-RP, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016).

The parties and their counsel agree that a bona fide dispute exists. Dkt. 19-1 ¶ 21. Plaintiffs allege that Defendants violated the FLSA by failing to pay them overtime wages. Dkt. 20 ¶ 51. Defendants deny all allegations of wrongdoing and liability, including any violation of wage and

hour laws or retaliation. Dkt. 19-1 ¶ 22. The Court finds that there is a bona fide dispute regarding the amount of overtime compensation due. *Dyson*, 2016 WL 815355, at *2.

**B. The Settlement is Fair and Reasonable**

Because a bona fide dispute exists, the Court reviews the settlement agreement to determine whether it is fair and reasonable. *Diaz*, 2021 WL 2709677, at *2. In doing so, courts consider:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Dyson*, 2016 WL 815355, at *2 (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir.1982)). Courts also review any releases in the settlement agreement to ensure that general releases outside the scope of wage and hour claims apply only to named plaintiffs. *Jasso v. HC Carriers, LLC*, No. 5:20-cv-212, 2022 WL 16927813, at *5 (S.D. Tex. Oct. 19, 2022), *R. & R. adopted*, 2022 WL 16924117 (S.D. Tex. Nov. 14, 2022). In evaluating the fairness and reasonableness of the agreement, courts are "entitled to rely upon the judgment of experienced counsel for the parties." *Dyson*, 2016 WL 815355, at *3 (quoting *Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977)).

First, the parties mediated with a mediator experienced in FSLA wage and hour collective actions and represent that the agreement was reached after "lengthy, intensive, arm's-length negotiations" with counsel's advice. Dkt. 19-1 ¶ 49. As to the second and third factors, the case is in its preliminary stages. The parties have engaged only in informal discovery and agree that settlement will provide relief from "risks and expenses associated with continued litigation" and the "complexity and likely duration of the litigation." Dkt. 19 at 3, 4. Fourth, the parties identify no obstacles to the merits of the case. Fifth, Plaintiffs' counsel investigated and evaluated the

claims and defenses, and states that settlement is in the class members' best interest considering the range of possible recovery. *Id.* at 4. Finally, all parties agree to the terms of the settlement agreement based on the advice of experienced counsel, who "have vigorously pursued their positions and the rights of their clients." *Id.* at 2. The Court finds that all six factors favor finding the settlement fair and reasonable.

Because only Named Plaintiffs generally release all claims against Defendants and were compensated accordingly, the Court finds the releases in the agreement acceptable. Dkt. 19-1 ¶ 25. For these reasons, and because a bona fide dispute exists, this Magistrate Judge recommends that Judge Ezra approve the settlement agreement.

**III. Attorneys' Fees**

Plaintiffs' counsel also seeks fees and costs. "To fully discharge its duty to review and approve class action settlement agreements, a district court must assess the reasonableness of the attorneys' fees." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 673 (N.D. Tex. 2010) (quoting *Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 849 (5th Cir.1998)). District courts "must carefully scrutinize the attorneys' fee award in a common fund settlement because the interests of the attorneys conflict with those of the class." *Id.* (citation omitted). Because courts have an independent duty to review the fee request in the interests of protecting the class, they are "not bound by the agreement of the parties as to the amount of attorneys' fees." *Id.* (citation omitted).

A common fund is used to pay attorney's fees in class action settlements, but the method for calculating fees varies. *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2014 WL 7332551, at *6 (N.D. Tex. Nov. 12, 2014), *R. & R. adopted in part*, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014). Because Plaintiffs' counsel seeks fees of one-third of the common fund, the Court applies the percentage method. Dkt. 19-2 ¶ 26. Under this method, courts first look at the benchmark

percentage suggested by the parties and determine whether that percentage is "relatively close to the average awards in cases with similar characteristics." *Klein*, 705 F. Supp. 2d at 673. Courts then consider the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974),[2] "to determine whether a deviation from the benchmark percentage range is appropriate and to test the overall reasonableness of the fee." *Klein*, 705 F. Supp. 2d at 676.

Plaintiffs' counsel seeks fees and costs in the amount of $100,000, stating that this amount "reflects less than the actual lodestar that Plaintiff[s'] incurred in prosecuting this litigation." Dkt. 19 at 5. The Court finds that a one-third benchmark fee is reasonable and within the normal range for FLSA cases. *See Plunkett v. FirstKey Homes LLC*, No. 3:23-CV-2684-L-BN, 2024 WL 5315330, at *8 (N.D. Tex. Nov. 21, 2024), *R. & R. adopted*, 2024 WL 5075065 (N.D. Tex. Dec. 11, 2024) (stating that it "is not unusual" for district courts in the Fifth Circuit to award percentages of approximately one third); *Diaz*, 2021 WL 2709677, at *2 (awarding one-third of gross settlement in FLSA case); *Jones*, 2014 WL 7332551, at *6 (finding a 30% benchmark fee reasonable). After considering the *Johnson* factors, the Court finds no adjustment is unnecessary.

## IV. Service Award

The settlement agreement also provides a "service award" of $9,500 to both Rickett and Espinoza. Dkt. 19-1 ¶ 25. Courts approve service awards for named plaintiffs and class representatives if they are reasonable, considering (1) the actions the plaintiff took to protect the interests of the class, (2) the degree to which the class benefitted from those actions, and (3) the

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

time and effort the plaintiff expended in pursuing the litigation. *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012). When service awards are paid out of a common fund, "they tend to be far less than 1% of the common fund." *Plunkett*, 2024 WL 5315330, at *5 (citation omitted).

Rickett and Espinoza incurred risks by bringing this collective action and gave time and effort to participate in discovery and settlement negotiations. Dkt. 19 at 4-5. The service awards they seek are 0.3% of the common fund, far less than the 1% benchmark and in line with awards in similar cases. *See id.* (awarding service award of 0.3% of the common fund); *Guadalupe v. Am. Campus Cmtys. Servs., Inc.*, No. 1:16-CV-967-RP, 2020 WL 12029307, at *2 (W.D. Tex. Oct. 23, 2020) (awarding service award of $12,000 or 0.83% of the settlement amount). The Court finds that the service awards are fair and reasonable.

## V. Class Certification and Notice Authorization

The FLSA permits one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts may certify a class if its members are "similarly situated." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021). To assess similarity, courts consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Id.* at 437 (citation omitted).

The parties stipulate that the putative collective action members are similarly situated for settlement purposes. Dkt. 19. Plaintiffs allege that the class consists of Defendants' current and former employees who "performed the same or similar job duties or otherwise worked under the same illegal pay scheme," which denied them proper overtime wages. Dkt. 20 ¶ 45. They state that

Defendants' illegal pay policies generally apply and "have been uniformly imposed on the Class Members." *Id.* ¶ 44. Because the class members share a common factual background and legal theory, and Defendants do not oppose class certification, the Court finds that the class is similarly situated and recommends that it be certified. *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 487 (S.D. Tex. 2020) (finding certification proper when plaintiffs alleged the compensation scheme was itself a violation of the FLSA).

The parties filed an agreed proposed notice to class members. Dkt. 19-3. Notice is sent to potential FLSA class members to inform them of the action and give them the opportunity to participate by opting in, and courts have wide discretion over its contents and distribution. *Thrower*, 484 F. Supp. 3d at 488. Because the parties' proposed notice adequately explains the pendency of this suit, class members' right to opt in, and the effects of choosing to opt in or not, this Magistrate Judge recommends that Judge Ezra approve the parties' proposed notice and authorize the parties to send the notice to class members.

## VI. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable David A. Ezra **GRANT** the parties' Joint Motion for Approval of Settlement of FLSA Collective Action and, Subject to Settlement Approval, for Certification of Collective Action and Authorization of Notice to Class Members (Dkt. 19). The Court **FURTHER RECOMMENDS** that Judge Ezra:

- **APPROVE** the settlement agreement;
- **CERTIFY** the collective action as to:

> All individuals who are Defendant Southside Wrecker's current and former employees, were similarly situated to the Collective Representatives Dominic Rickett and Alejandro Espinoza, and who worked for Defendant Southside Wrecker during the Class Period defined by the Agreement;

- **APPROVE** the parties' proposed Notice (Dkt. 19-3); and
- **AUTHORIZE** the parties to send notice to class members.

It is **ORDERED** that this case be **REMOVED** from this Magistrate Judge's docket and **RETURNED** to the docket of the Honorable David A. Ezra.

## VII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 15, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE